UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REAGAN BERRY POTEET, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-1503-J |
| OKLAHOMA BOARD OF BAR EXAMINERS, | ) ) ) ) |
| Defendant. | ) ) |

# ORDER

Plaintiff received a failing score on the written portion of his Oklahoma bar exam and he asked the Oklahoma Board of Bar Examiners (OBBE) to investigate. The OBBE denied the request, and the Oklahoma Supreme Court subsequently denied Plaintiff relief. Appearing pro se, Plaintiff now sues the OBBE under 42 U.S.C. § 1983 alleging it violated his federal constitutional rights, and he seeks a "permanent injunction ordering Defendant [OBBE] to immediately certify, and admit him to the Oklahoma Bar Association" and to "enjoin any further enforcement of the December 8th denial, or requirement that [he] re-take the Bar Exam." (Compl.) [Doc. No. 1 at 5]. Plaintiff also seeks leave to proceed in forma pauperis [Doc. No. 2] and moves for a temporary restraining order [Doc. No. 3].

For the reasons discussed below, Plaintiff's Complaint is DISMISSED without prejudice on screening, and his pending motions [Doc. Nos. 2-3] are DENIED as moot.

## I. Analysis

The Court has an obligation to address its subject matter jurisdiction sua sponte. *See Scott v. Allen*, 153 F.4th 1088, 1094 (10th Cir. 2025). On review, this Court finds that it lacks jurisdiction under the *Rooker-Feldman* doctrine.

Plaintiff asked the OBBE to investigate his written scores and in response, the OBBE stated "[t]he Board reviewed your request at their October 2025 meeting and elected to take no action." Compl., Ex. 1 at 3. Plaintiff then filed a petition for review, asking the Oklahoma Supreme Court to reverse the OBBE's decision. *See id.*, Ex. 1 at 11. That court denied the same. *See id.*, Ex. 4. Plaintiff now comes to this Court asking it to overturn the OBBE's decision, which in turn would require the Court to reverse the Oklahoma Supreme Court's decision. But the *Rooker-Feldman* doctrine bars this request.

"*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012). That doctrine applies here, even "when the state court provides as little process as it did[.]" *Raymond v. Moyer*, 501 F.3d 548, 552-553 (6th Cir. 2007) (finding that under *Rooker-Feldman*, the court lacked jurisdiction over plaintiff's allegations that the Ohio Supreme Court violated his constitutional rights in refusing to admit him to the bar even where the state court provided very little process); *Ware v. Wyoming Bd. of L. Examiners*, 973 F. Supp. 1339, 1356 (D. Wyo. 1997) ("The *Rooker-Feldman* doctrine would be applicable in this case . . . [regarding] the Wyoming Supreme Court's decision to deny plaintiff's request for a waiver of the two Wyoming lawyer certification rules."), *aff'd*, 161 F.3d 19 (10th Cir. 1998); *Johnson v. State of Kansas*, 888 F. Supp. 1073, 1081-86 (D. Kan. 1995) (applying the *Rooker-Feldman* doctrine to find the court lacked jurisdiction over plaintiff's request to be admitted to the Kansas bar because to do so would require the court to overturn the Kansas Supreme Court), *aff'd*, 81 F.3d 172 (10th Cir. 1996); *Langadinos v. Washington State Bar Assoc.*, No. CIV-23-250, 2024 WL 1138908, at *3-4 (W.D. Wash. Mar. 15, 2024) (describing plaintiff's action as alleging the state supreme court

2

and state bar association "reached the wrong decision about the application" for bar admission and finding that *Rooker-Feldman* prevented the court from hearing his claims).

In sum, this Court lacks jurisdiction to overturn either the Oklahoma Supreme Court or the OBBE's decision as it relates to Plaintiff's bar examination or admission. As such, this Complaint is DISMISSED without prejudice. *See Lambeth v. Miller*, 363 F. App'x 565, 569 (10th Cir. 2010) (finding that dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine must be "without prejudice").

## II. Conclusion

For the reasons discussed, Plaintiff's Complaint is DISMISSED without prejudice and his two pending motions [Doc. Nos. 2-3] are DENIED as moot. A separate judgment will issue.

IT IS SO ORDERED this 17th day of December, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE